865 F.2d 266
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 William D. VAUGHN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Health and Human Services
Defendant-Appellee.
 No. 87-2846.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Dec. 12, 1988.
Decided Dec. 15, 1988.
 Before ALDISERT**, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The appellant filed applications for disability insurance benefits and supplemental security income benefits on April 10, 1985 following elective back surgery. His claims were denied initially and on reconsideration; the present appeal challenges the district court's grant of summary judgment on its findings that he is not disabled and that the new evidence he presented was not material.
 
 
 3
 We have jurisdiction under 42 U.S.C. Sec. 405(g) and affirm.
 
 BACKGROUND AND PROCEEDINGS BELOW
 
 4
 The appellant was born July 6, 1939. He completed the eleventh grade and was employed as a heavy equipment mechanic until being laid off on December 15, 1984. On that date he decided to undergo a decompressive cervical laminectomy, C3-C4, to relieve the numbness and neck pain that he had suffered over the preceding year. The appellant has continued to suffer pain and numbness, and he has not been gainfully employed since December 1984.
 
 
 5
 At his disability hearing in December 1985 the appellant testified that his condition was substantially unimproved following surgery, and that his physical limitations were that he could walk 1/4 mile, stand or sit for 1-2 hours, and lift 75 lbs. He testified that he kept himself busy by performing maintenance on his home and vehicles. Because subsequent surgery was expected to be scheduled in early 1986, the record was held open pending receipt of additional information.
 
 
 6
 On March 4, 1986 the appellant's counsel informed the administrative law judge ("ALJ") that additional medical records would not be forthcoming because the appellant had not undergone further surgery. On March 26, 1986 the ALJ made findings that the appellant was unable to work as a heavy equipment mechanic, but that his physical condition did not preclude him from gainful activity because he had the capacity to perform sedentary labor. Accordingly, his claim for disability benefits was denied.
 
 
 7
 The appellant continued to suffer pain and numbness post-operatively, particularly upon flexion of his neck and right arm. A myelogram revealed that the first surgery had relieved the C3-C4 compression, but that there were further abnormalities from C3-C4 through C7-T1. On May 27, 1986 the appellant underwent an anterior discectomy and fusion at C5-C6. Following this surgery he appealed the findings of the ALJ, claiming that they were not supported by substantial evidence, and alternatively seeking a remand for consideration of new evidence.
 
 
 8
 The district court found that the prior findings of the ALJ were supported by substantial evidence, and that the new evidence was not material because it pertained primarily to the appellant's condition at the time of the appeal rather than when the initial determination was made. The district judge observed that none of the new evidence offered for consideration pertained to the appellant's physical condition in March 1986 except for a letter from a physician that opined that the appellant had been disabled since December 1984. That letter, however, was both unsupported by medical findings and contradicted by the same physician in a work tolerance recommendation that indicated that the appellant was capable of part-time sedentary work, which constitutes gainful employment under 20 C.F.R. Secs. 404.1572(a) and 416.972(a). Accordingly, the court concluded that the new evidence was not material and granted the defendant's motion for summary judgment.
 
 
 9
 This appeal followed. The appellant now concedes that the ALJ's decision was supported by substantial evidence. The issue on appeal is whether the district court's conclusion that the new evidence was not material was correct as a matter of law.
 
 STANDARD OF REVIEW
 
 10
 We review the grant of summary judgment de novo, in the light most favorable to the nonmoving party, to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986). In determining materiality this circuit follows a rule that new evidence is material if there is a "reasonable possibility" that the decision below would have been different if the new evidence had been considered. See Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir.1984).
 
 DISCUSSION
 
 11
 The district judge observed that "the new evidence relates to the present condition of the plaintiff, and except for the letter of Dr. Goldfarb of June 19, 1986, which is not supported by specific medical findings, suggests no opinion as to the plaintiff's ability to work at any time prior to the Administrative Law Judge's decision." We agree. New evidence must be material to and probative of the claimant's condition at or before the time of the disability hearing. See 20 C.F.R. Sec. 404.970(b); Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511 (9th Cir.1988). Excepting the letter from Dr. Goldfarb, all of the new evidence pertained to the physical condition of the claimant after March 26, 1986, the date that the ALJ's findings were entered, and thus are not material. Our inquiry is therefore limited to the materiality of the Goldfarb letter.
 
 
 12
 The Goldfarb letter contained an opinion by Dr. Goldfarb that the appellant had been disabled since December 1984. As noted above, Dr. Goldfarb contradicted his own opinion in a subsequent work tolerance recommendation that indicated that the claimant was capable of part-time sedentary work during the period of October 1985 through February 1987, which would preclude a finding of disability. See 20 C.F.R. Secs. 404.1572(a), 404.972(a). This conclusion would reinforce the finding of the ALJ that the claimant was not disabled. We cannot conclude that a reasonable possibility exists that the ALJ would have reached a different conclusion if the Goldfarb letter had been before him in March 1986.
 
 
 13
 The appellant also disputes the propriety of the ALJ's reliance on the medical vocational guidelines ("grids") to determine whether he was disabled. At the disability hearing the appellant testified that he was experiencing depression and anxiety regarding his physical impairments and the prospect of future surgery. While absolute reliance on the grids is not appropriate in situations where the claimant has nonexertional limitations, see 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 200(e)(2), the claimed nonexertional limitations must be significant enough to affect the residual work capacity of the claimant. See Razey v. Heckler, 785 F.2d 1426, 1430 (9th Cir.1986). Here there has been no showing that the general depression and anxiety that the appellant suffers would preclude him from gainful employment. The new evidence that was offered regarding the mental condition of the appellant consisted of a letter dated January 13, 1987 from Dr. LaWall that characterized the appellant's mental condition as dysthemic. This allegation does not substantiate a nonexertional limitation at the time of the disability hearing and thus is not material. The Secretary's conclusion that the grids were appropriate to evaluate the appellant's condition was correct.
 
 CONCLUSION
 
 14
 The new evidence that has been proffered by the appellant does not lead us to conclude that there is a reasonable possibility that the ALJ would have reached a different decision had the evidence been before him at the time of the original hearing. The decision of the district court is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3